IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERT VILLON and MARK APANA, | ) | CIVIL NO. 08-00529 LEK-RLP |
| Plaintiffs, | ) | |
| vs. | ) | |
| MARRIOTT HOTEL SERVICES, INC., DBA WAILEA MARRIOTT RESORT, | ) | |
| Defendant. | ) | |

**ORDER REQUESTING COMMENT ON PROPOSED CERTIFIED
QUESTIONS TO THE HAWAI`I SUPREME COURT; EXHIBIT "A"**

In each case, this Court has issued an order administratively terminating, without prejudice, the parties' dispositive motions in light of the Court's decision to certify case-dispositive questions of state law to the Hawai`i Supreme Court. [<u>Villon, et al. v. Marriott Hotel Servs., Inc.</u>, CV 08-00529 LEK-RLP, filed 9/8/11 (dkt. no. 125); <u>Rodriguez, et al. v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV 09-00016 LEK-RLP, filed 9/8/11 (dkt. no. 134).]

Attached as Exhibit A is the Court's proposed order - "Certified Questions to the Hawai`i Supreme Court from the United States District Court for the District of Hawai`i in Civ. No. 08-00529 LEK-RLP and Civ. No. 09-00016 LEK-RLP" ("Certified

Questions").[1]  The parties may comment on form of the proposed Certified Questions, the phrasing of the questions, and whether there are any other dispositive questions of state law that the Court should certify.  The Court emphasizes that it is not inviting the parties to raise substantive challenges to the Court's orders administratively terminating the dispositive motions, including the decision to certify questions.

The parties shall file their comments to the proposed Certified Questions by **October 5, 2011**.  If no responses are filed, the Court will proceed with the Certified Questions as written.  After the Certified Questions are filed, the Court intends to issue a separate order staying and administratively closing this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 22, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BERT VILLON AND MARK APANA V. MARRIOTT HOTEL SERVICES, INC.; CIVIL NO. 08-00529 LEK-RLP; ORDER REQUESTING COMMENT ON PROPOSED CERTIFIED QUESTIONS TO THE HAWAI`I SUPREME COURT**

---

[1] The Court notes that, when it ultimately files the Certified Questions, it will attach the orders administratively terminating the parties' dispositive motions as exhibits for the convenience of the Hawai`i Supreme Court.  The Court has not attached the orders to proposed Certified Questions because the parties already have those orders.

2

**EXHIBIT "A"**

HAWAI`I SUPREME COURT

| | |
|---|---|
| BERT VILLON and MARK APANA, )<br>)<br>       Plaintiffs, )<br>)<br>  vs. )<br>)<br>MARRIOTT HOTEL SERVICES, )<br>INC., DBA WAILEA MARRIOTT )<br>RESORT, )<br>)<br>       Defendant. )<br>_____ ) | CERTIFIED QUESTIONS TO THE<br>HAWAI`I SUPREME COURT FROM<br>THE UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT OF<br>HAWAI`I IN CIV. NO. 08-00529<br>LEK-RLP AND CIV. NO. 09-00016<br>LEK-RLP |
| RENELDO RODRIGUEZ and JOHNSON )<br>BASLER, on behalf of )<br>themselves and all others )<br>similarly situated, )<br>)<br>       Plaintiffs, )<br>)<br>  vs. )<br>)<br>STARWOOD HOTELS & RESORTS )<br>WORLDWIDE, INC., dba WESTIN )<br>MAUI RESORT & SPA, )<br>)<br>       Defendant. )<br>_____ ) | |

**CERTIFIED QUESTIONS TO THE HAWAI`I SUPREME COURT FROM
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI`I
IN CIV. NO. 08-00529 LEK-RLP AND CIV. NO. 09-00016 LEK-RLP**

      The instant cases are before the United States District Court for the District of Hawai`i pursuant to diversity jurisdiction in accordance with the Class Action Fairness Act. [Villon, et al. v. Marriott Hotel Servs., Inc., CV 08-00529 LEK-

RLP, Amended Class Action Complaint, filed 6/28/10 (dkt. no. 60), at ¶ 2 (citing 28 U.S.C. § 1332(d)(2)); Rodriquez, et al. v. Starwood Hotels & Resorts Worldwide, Inc., CV 09-00016 LEK-RLP, Second Amended Complaint, filed 6/28/10 (dkt. no. 66), at ¶ 2 (same).] These actions relate to the distribution of hotel services charges pursuant to Haw. Rev. Stat. § 481B-14. The plaintiffs in each case allege that each defendant imposes service charges in its resort that are subject to § 481B-14 and that each defendant uses a portion of the service charges "to pay for costs or expenses other than wages and tips of employees." See § 481B-14. Each defendant, however, allegedly did not clearly disclose its practice to its customers. The plaintiffs in each case allege that each defendant's failure to make clear disclosures requires each defendant to distribute the entire service charges directly to its food and beverage service employees as tip income. The plaintiffs in each case allege that each defendant failed to distribute the tip income and that this failure is, *inter alia*, actionable pursuant to Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11.

This Court has received briefing and argument on dispositive motions in each case addressing the issue whether an alleged § 481B-14 violation is actionable pursuant to §§ 388-6,

2

388-10, and 388-11.  In Villon, the plaintiffs filed a Motion for Partial Summary Judgment on April 29, 2011, and the defendant filed a Motion to Dismiss Amended Class Action Complaint Filed June 28, 2010 [Doc #60] on May 18, 2011.  [Villon (dkt. nos. 92, 103).]  In Rodriquez, the plaintiffs filed their Motion for Partial Summary Judgment on May 11, 2011, and the defendant filed its Motion for Summary Judgment on May 11, 2011.  [Rodriquez (dkt. nos. 106, 122).]

After considering the motions, supporting and opposing memoranda, and the arguments of counsel, this Court determined that the motions raise important questions of Hawai`i law for which there is no clear controlling Hawai`i precedent for purposes of Hawai`i Rule of Appellate Procedure 13.  The answers to the questions are "determinative of the cause" as to the motions such that certification of the questions is appropriate under Rule 13.  This Court also notes that its analysis of the issue whether § 481B-14 is enforceable through §§ 388-6, 388-10, and 388-11 differs from the analysis that other United States District Judges in this district and a state circuit court judge have previously applied.  Accordingly, this order certifies questions to the Hawai`i Supreme Court.  This Court has issued orders administratively terminating, without prejudice, the four

3

dispositive motions in light of the decision to certify questions. [Villon, filed 9/8/11 (dkt. no. 125); Rodriquez, filed 9/8/11 (dkt. no. 134).[2]] This Court will permit the parties to re-file the dispositive motions after the Hawai`i Supreme Court responds to the certified questions.

Rule 13 calls for "a statement of prior proceedings in the case, a statement of facts showing the nature of the cause, the question of law to be answered, and the circumstances out of which the question arises." Haw. R. App. P. 13(b). The instant order sets forth the questions of law to be answered, and this Court's orders administratively terminating the dispositive motions in light of this Court's decision to certify questions address the remaining Rule 13(b) requirements. The orders administratively terminating the dispositive motions are attached hereto as Exhibits A and B.

**CONCLUSION AND RECITATION OF CERTIFIED QUESTIONS**

Given the procedural posture of these actions and the parties' dispositive motions, this Court certifies the following questions to the Hawai`i Supreme Court:

1. May a food or beverage service employee of a hotel or restaurant bring an action against his or her employer

---

[2] The order in Villon and the order in Rodriquez are attached as Exhibits A and B, respectively.

4

based on an alleged violation of Haw. Rev. Stat. § 481B-14 by invoking Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11 and without invoking Haw. Rev. Stat. §§ 480-2 or 480-13?

2. If an employee is entitled to enforce Haw. Rev. Stat. § 481B-14 through Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11, what statute of limitations applies?

This Court's "phrasing of the question[s] should not restrict the [Hawai`i Supreme Court's] consideration of the problems and issues involved. The [Hawai`i Supreme Court] may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties." Allstate Ins. Co. v. Alamo Rent-A-Car, Inc., 137 F.3d 634, 637 (9th Cir. 1998) (citations and quotation marks omitted). If the Hawai`i Supreme Court declines to accept certification, this Court will "resolve the issues according to [its] understanding of Hawaii law." Id. (citation and quotation marks omitted).

IT IS SO ORDERED.