```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

BERT VILLON and MARK APANA,    )   CIVIL NO. 08-00529 LEK-RLP
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
MARRIOTT HOTEL SERVICES,       )
INC., DBA WAILEA MARRIOTT      )
RESORT,                        )
                               )
          Defendant.           )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

On April 29, 2011, Plaintiffs Bert Villon and Mark Apana, on behalf of themselves and all others similarly situated (collectively "Plaintiffs") filed their Motion for Partial Summary Judgment ("Motion"). [Dkt. no. 92.] Defendant Marriott Hotel Services, Inc., doing business as Wailea Marriott Resort ("Defendant"), filed its memorandum in opposition on June 20, 2011, and Plaintiffs filed their reply on June 27, 2011. [Dkt. nos. 108, 111.] This Court held a hearing on the Motion on July 11, 2011, but later administratively terminated the Motion without prejudice to the re-filing of the Motion after the Hawai`i Supreme Court answered this Court's certified questions. [Order, filed 9/8/11 (dkt. no. 125).[1]] The Hawai`i Supreme Court accepted one of the certified questions, and filed an opinion

---

[1] The 9/8/11 order is also available at 2011 WL 4047373.

answering the question on July 15, 2013 ("the Opinion").  130 Hawai`i 130, 306 P.3d 175 (2013).

On August 1, 2013, Plaintiffs filed a request that this Court construed as their notice of the re-filing of the Motion, [dkt. no. 171,] and this Court ordered further briefing to address the Opinion's effect on the Motion.  Plaintiffs filed their Supplemental Memorandum on August 22, 2013.  [Dkt. no. 179.]  Defendant filed its response to Plaintiffs' Supplemental Memorandum ("Defendant's Supplemental Memorandum") on September 11, 2013, and Plaintiff filed a reply to Defendant's Supplemental Memorandum ("Plaintiffs' Supplemental Reply") on September 23, 2013.  [Dkt. nos. 180, 181.]  The Court finds that this matter is suitable for disposition without a further hearing.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiffs have worked as food and beverage servers at the Wailea Marriott Resort ("the Resort") during the applicable statute of limitations period.[2] Plaintiffs allege that, during this time period, Defendant imposed a service charge on food and beverages served at the Resort, including in the banquet department, restaurants, and room service, but Defendant failed to pay the entire charge to Plaintiffs as tip income. [Amended Class Action Complaint ("Amended Complaint"), filed 6/28/10 (dkt. no. 60), at ¶¶ 3-5.] Instead, Defendant either retained a portion of the service charges for itself or used a portion of the charges to pay its managers and other employees who did not serve food and beverages and did not receive tips. Defendant did not disclose this practice to Resort customers. Plaintiffs contend that this caused customers to believe that Defendant was paying the entire service charge to Plaintiffs. Plaintiffs also

---

[2] On May 31, 2011, this Court issued its Order Granting Plaintiffs' Motion for Class Certification. 2011 WL 2160483. This Court certified the following class:

> all non-managerial food and beverage service employees who, from July 30, 2004 to the present, have worked at banquets, functions, events, and small parties, or provided room service, where a service charge was imposed and where a part of that service charge was kept by the Defendant or management without adequate disclosure to customers[.]

Id. at *18.

contend that, if Defendant had disclosed this, the customers would have been inclined to leave additional gratuities for their servers. [Id. at ¶¶ 8-10.]

Count I alleges that Defendant's actions violated Haw. Rev. Stat. § 481B-14 and constituted an unfair method of competition or an unfair and deceptive act or practice pursuant to Haw. Rev. Stat. § 480-2.  Count II alleges intentional interference with contractual and/or advantageous relations; Count III alleges breach of implied contract; and Count IV alleges unjust enrichment.  Count V alleges that Defendant's failure to pay the entire service charge to Plaintiffs deprived them of income which constituted wages.  Count V therefore seeks unpaid wages and other relief pursuant to Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11.

In the instant Motion, Plaintiffs seek summary judgment as to Defendant's liability for Count V.  They state that, after this Court grants summary judgment as to liability, they will file another motion for summary judgment to determine the damages for Count V.

This Court certified the following question: "May food or beverage service employees of a hotel or restaurant bring a claim against their employer based on an alleged violation of Haw. Rev. Stat. § 481B-14 by invoking Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11 and without invoking Haw. Rev. Stat. §§ 480-2

or 480-13?" <u>Villon v. Marriott Hotel Servs., Inc.</u>, 130 Hawai`i 130, 132, 306 P.3d 175, 177 (2013).  The Hawai`i Supreme Court responded:

> We now answer the certified question in the affirmative and hold that when a hotel or restaurant applying a service charge for the sale of food or beverage services allegedly violates [Haw. Rev. Stat.] § 481B-14 (2008) (1) by not distributing the full service charge directly to its employees as "tip income" (in other words, as "wages and tips of employees"), and (2) by failing to disclose this practice to the purchaser of the services, the employees may bring an action under [Haw. Rev. Stat.] §§ 388-6 (1993), -10 (1993 & Supp. 1999), and -11 (1993 & Supp. 1999) to enforce the employees' rights and seek remedies.

<u>Id.</u> at 132-33, 306 P.3d at 177-78.

## **DISCUSSION**

Plaintiffs argue that, in light of the Opinion's resolution of the legal issue presented in the instant Motion, they are entitled to summary judgment as to Defendant's liability for Count V "for the statutory period up until October 2010[3] due to Defendant's failure to provide clear disclosure regarding its banquets service charges in its banquet contracts."  [Pltfs.' Suppl. Mem. at 10.]  Defendant responds that Plaintiffs' "claim is extinguished as of January 2009 when disclosures were included in the [Banquet Event Orders ('BEOs')]."  [Def.'s Suppl. Mem. at 5.]

---

[3] Plaintiffs recognize that, in October 2010, Defendant began including a disclosure in its banquet contracts.  [Pltfs.' Suppl. Mem. at 8.]

5

First, this Court agrees with Plaintiff that, "for the period in this case prior to January 2009, there is no dispute that Defendant violated § 481B-14 by retaining a portion of service charges while failing to clearly disclose to customers that it was doing so." [Pltfs.' Suppl. Mem. at 8.] Haw. Rev. Stat. § 481B-14 states:

> Any hotel or restaurant that applies a service charge for the sale of food or beverage services shall distribute the service charge directly to its employees as tip income or clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees.

The withholding of a service charge without providing the required disclosure to the customer constitutes the withholding of "tip income," which is prohibited by Haw. Rev. Stat. § 388-6.[4] It is undisputed that Defendant imposes a service charge on food and beverage service and, during the period in question, Defendant did not distribute the full service charge to its employees as tip income. In its response to Plaintiffs' Concise Statement of Facts in Support of Motion for Partial Summary Judgment ("Plaintiffs' CSOF"), [filed 4/29/11 (dkt. no. 93),] Defendant did not identify any evidence that would create a genuine issue of material fact as to the question of whether,

---

[4] Section 388-6 allows for the withholding of wages "where required by federal or state statute or by court process or when such deductions or retentions are authorized in writing by the employee[.]" Neither of these exceptions are relevant to the issues presented in the instant Motion.

prior to January 2009, Defendant provided notice to its banquet customers or to its room service customers that it was not remitting the full service charge to its food and beverage servers. [Def.'s Response to Pltfs.' CSOF ("Def.'s CSOF"), filed 6/20/11 (dkt. no. 107).] Thus, in light of this failure and the Hawai`i Supreme Court's holding in the Opinion, Plaintiffs are entitled to summary judgment as to Defendant's liability for Count V from July 30, 2004 to January 2009. See Fed. R. Civ. P. 56(a) (stating that a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

      Plaintiffs acknowledge that, from January 2009 until October 2010, Defendant attempted to provide some forms of notice that a portion of the service charge was not paid as wages and tips to employees. In October 2010, Defendant began including a disclosure in their banquet contracts, in addition to the disclosures previously added to the BEOs and the banquet menus. Plaintiffs argue that they are entitled to summary judgment as to Defendant's liability for Count V from January 2009 to October 2010 because the disclosures that Defendant provided during that period, which did not include disclosures in the banquet contracts, were not sufficient to comply with § 481B-14. Defendant presented evidence that: before January 2009, it began

including a disclosure in its on-line menus; as of April 2009, it began including a disclosure in its BEOs; and, as of May 2009, it made disclosures for room service. [Def.'s CSOF, Decl. of Richard M. Rand ("Rand Decl."), Exh. A (trans. excerpts of 4/20/11 Depo. of Chris Smarcan) ("Smarcan Depo.") at 34-35, Exh. 3, 5; Rand Decl., Exh. B (trans. excerpts of 4/20/11 depo. of Sarah Nill) ("Nill Depo.") at 7, Exh. 12).[5]]

This Court notes that Plaintiffs' Supplemental Memorandum does not present any further argument about Defendant's service charge practices for room service. This Court therefore assumes that Plaintiffs' position remains the same as in their Motion - that they are entitled to summary judgment on Count V as to service charges imposed on room service orders from January 2009 to the present because the room service bills still do not include the disclosure. [Mem. in Supp. of Motion at 11-12.] As of the May 2009 revision to the room service menu, every page contains the following: "All Room Service orders are subject to a $4.00 Delivery and 20% Service Charge . . . . A portion of the 20% service charge added to the food and beverage check is allocated to pay for various costs and expenses. A minimum of 16% is allocated toward wages and tips

---

[5] Chris Smarcan and Sarah "Sally" Nill were Defendants' Fed. R. Civ. P. 30(b)(6) witnesses. Exhibit 3 to the Smarcan Deposition is a redacted BEO for April 20, 2009. Exhibit 5 is the Resort's event menu. Exhibit 12 to the Nill Deposition is the Resort's room service menu, revised May 2009.

8

for employees." [Nill Depo., Exh. 12.]

As to service charges imposed at Resort banquets between January 2009 and October 2010, Plaintiffs argue that only disclosures in the banquet contracts would satisfy the requirements of § 481B-14.  Plaintiffs urge this Court to rule that the disclosures provided in the BEOs and the banquet menus alone did not comply with the requirements of § 481B-14.  The sample BEO for April 20, 2009 that Defendant presented states, in pertinent part:

> In addition to appropriate state and local taxes, a Service Charge of 22% will be applied to the cost for food and beverage service.  A portion of the Service Charge is being used to pay for costs or expenses, other than wage and tips for employees; a minimum of 17% is allocated toward wage and tips for employees. . . .

[Smarcan Depo., Exh. 3.]  The banquet menu contains the same disclosure.  [Id., Exh. 5.]

Plaintiffs apparently do not argue that the **content** of the disclosures Defendant provided was insufficient; they contend that Defendant was still in violation of § 481B-14 and § 388-6 from January 2009 to October 2010 for banquets and from January 2009 to present for room service because of the **timing** of the disclosures.  Plaintiffs contend that the banquet contract governs the customers' agreements with Defendant, and therefore Defendant must include the disclosure in the banquet contract to comply with § 481B-14.  The disclosures in the BEOs and the

9

menus, standing alone, are insufficient.  For room service, Plaintiffs argue that Defendant must include the disclosure in both the menu and the bill; the disclosure in the menu alone is insufficient.  According to Plaintiffs, Senior United States District Judge Helen Gillmor in Davis, et al. v. Four Seasons Hotel Ltd., et al., CV 08-00525 HG-BMK, and Senior United States District Judge Alan C. Kay in Wadsworth v. KSL Grand Wailea Resort, Inc., Civ. No. 08-00527 ACK-RLP, 2011 WL 6030074 (D. Hawai`i Dec. 2, 2011), reached the same conclusion.  Plaintiffs rely on the following statements that Judge Gillmor made during the hearing on the plaintiff's motion for summary judgment in Davis:

> The question is really, What did the legislature intend to do?  And I think it is clear that the legislature intended that consumers be notified as to what was going to happen to the service charge.  And to the extent that it is on a bill after the fact or relying on word of mouth, the word of mouth argument does not work for me. We've got different percentages being used at different times.  And the idea that something having to do with something the legislature has spent so much time on being taken care of by knowledge in the industry, when in fact it would be imperfect knowledge with respect to the various manners in which the different hotels and even the same hotels handle this question at different times.
>
> So, I think that the contract going into it, entering into the relationship is where this kind of information must start.  So -- and there's no representation in this motion that it was in the contract, only that it was in the bill.

[CV 08-00525, 6/21/11 Hrg. Trans., filed 6/28/11 (dkt. no. 155),

10

at 21.]

Plaintiffs also rely on the following language from Judge Kay's order granting in part and denying in part the plaintiff's motion for partial summary judgment in <u>Wadsworth</u>:

> The Court disagrees that a disclosure must be made in other banquet event documents in addition to contracts, such as the menu, event order form, and check.  Through the disclosure in the contract, a purchaser knows ahead of time that a service charge will be imposed and that it is not distributed in its entirety to serving employees as tips or wages.  The purchaser is not misled and can plan accordingly to leave a tip or gratuity, in addition to paying the service charge.

2011 WL 6030074, at *6.

This Court notes that the decisions of other district judges in this district are not binding on this Court.  <u>See</u> <u>Camreta v. Greene</u>, 131 S. Ct. 2020, 2033 n.7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)).  Although this Court considers Judge Gillmor's and Judge Kay's rulings persuasive, the factual premise behind each of those rulings is easily distinguishable from the facts at issue in the instant Motion.

Plaintiffs themselves state that, in <u>Davis</u>, Judge Gillmor "rejected the defendant's argument that it had satisfied

11

its burden under § 481B-14 by providing disclosures on its banquet bills and through word-of-mouth with clients, holding that the contract governed." [Pltfs.' Suppl. Mem. at 8.]  The disclosures in the instant case are far more than word-of-mouth descriptions of the service charge practice.  Further, in the instant case, once Defendant began providing disclosures, Defendant provided them in documents that the customers reviewed prior to the rendition of service, arguably giving customers meaningful opportunities to decide, *inter alia*, to provide additional gratuities to the servers or to take their business elsewhere.  In Davis, the disclosure was provided in the banquet bill, which did not provide a meaningful opportunity to make such a decision.  Nor did Wadsworth present the issue currently before this Court - whether a defendant must provide the disclosure in a banquet contract where it has provided the disclosure in the menu and the order form.  Thus, neither the analysis in Davis nor the analysis in Wadsworth compel a conclusion that Defendant violated § 481B-14 and § 388-6 from January 2009 to October 2010.

      Having reviewed the current record in the light most favorable to Defendant, see Cameron v. Craig, 713 F.3d 1012, 1018 (9th Cir. 2013), this Court finds that there are genuine issues of material fact as to the adequacy of Defendant's banquet disclosures, provided from January 2009 to October 2010, and as to the adequacy of Defendant's room service disclosures, provided

from January 2009 to the present, regarding its decision not to remit the full service charge to its employees as wages and tips. This Court therefore concludes that Plaintiff is not entitled to summary judgment as to Defendant's liability for Count V during those periods.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Partial Summary Judgment, filed April 29, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiffs' Motion is GRANTED as to Defendant's liability for Count V for the period July 30, 2004 to January 2009.  Plaintiffs' Motion is DENIED as to Defendant's liability for Count V for the period January 2009 to October 2010 for banquets, and for the period January 2009 to the present for room service.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BERT VILLON, ET AL. VS. MARRIOTT HOTEL SERVICES, INC., DBA WAILEA MARRIOTT RESORT; CIVIL NO. 08-00529 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

13